UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| COUNTRYMAN NEVADA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-73 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| UNKNOWN PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION TO QUASH SUBPOENA

This is a civil action brought for alleged copyright infringement. Plaintiff alleges that its copyrighted motion picture (*Charlie Countryman*) has been the subject of infringement by unknown persons, using a network known as a "BitTorrent protocol." Plaintiff alleges that geolocation technology has been used to trace the Internet protocol addresses of infringers to points of origin within this district, but that those persons can only be identified by subscriber information in the control of Internet Service Providers (ISPs).

By order entered March 3, 2014, the court granted plaintiff leave to serve third-party subpoenas on certain identified ISPs, requiring those providers to provide plaintiff with the true name and address of subscribers who were assigned certain Internet protocol addresses at identified times. Plaintiff has alleged, and the court has accepted, that discovery of this information is necessary to identify possible infringers.

Barbara Seglund has filed a one-sentence motion to quash the subpoena, objecting to the disclosure of her name, address or other information in response to the subpoena. The motion does not identify any privilege, immunity, or privacy interest that Ms. Seglund seeks to protect by the motion to quash. It merely asserts that she objects to the disclosure of any information pursuant to the subpoena.

Rule 45 of the Federal Rules of Civil Procedure governs motions to quash or modify a subpoena. The rule provides that a court must quash or modify a subpoena that fails to allow reasonable time to comply, requires a person to comply beyond the geographical limits specified by Rule 45(c), requires disclosure of privileged matter, or subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A). It further provides that a court may quash or modify a subpoena if it requires disclosure of trade secrets, disclosure of certain expert opinions. FED. R. CIV. P. 45(d)(3)(B). Ms. Seglund has not presented any grounds recognized by Rule 45 for modifying or quashing the subpoena. As a third party to the subpoena, Ms. Seglund has no standing to assert any objection unless she has "some right or privilege with regard to the documents sought." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2459, at 435 (3d ed. 2008). The burden of identifying such privilege is on the person asserting it. In this case, Ms. Seglund has advanced no reason, let alone identified a recognized privilege, that would prevent the release of the subpoenaed information. The federal district courts generally hold that John Doe defendants have no standing to move to quash a subpoena issued to an Internet service provider in a copyright infringement action such as the present case. *See, e.g., Malibu Media, LLC v. Doe No. 4*, No. 12 Civ. 2950, 2012 WL 5987854, at * 2 (S.D.N.Y. Nov. 30, 2012) (collecting cases). Furthermore, the courts hold that the subscriber has no privacy interest in the identifying information in the possession

of the ISP. *See TCYK, LLC v. Doe*, No. 1:13-cv-3496, 2014 WL 1515586, at * 2 (D. Colo. Apr. 16, 2014) (collecting cases).

In short, Ms. Seglund has identified no substantive right or privilege in support of her motion to quash nor has she alleged any showing of actionable harm arising from the release of the subpoenaed information by Comcast. In the absence of a showing of a privilege or recognized privacy interest, a court cannot quash a subpoena duces tecum at the request of a third party. *See Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997). Accordingly:

IT IS ORDERED that the motion to quash submitted by Barbara Seglund (docket # 9) be and hereby is DENIED.

DONE AND ORDERED this 23rd day of April, 2014.

/s/  Joseph G. Scoville
United States Magistrate Judge